IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| RICHARD LEE GLENN | § | |
| v. | § | CIVIL ACTION NO. 9:09cv16 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Richard Lee Glenn, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the parole procedures being followed by prison officials. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Glenn says that the Texas Board of Pardons and Paroles has "eliminated his parole by repeatedly denying it" and that the Board has failed to activate his second of his consecutive sentences even though he has attained parole eligibility on the first one. The Magistrate Judge ordered the Respondent to answer, and Glenn filed a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied. In this Report, the Magistrate Judge concluded that Glenn had no right to release on parole, that he had not shown that he was entitled to have his second sentence activated because he has not shown that the Board has designated a date upon which he would have been released on parole but for the second sentence, failure by the Board to follow its own rules does not amount to a federal constitutional violation, and the fact that Glenn has been denied parole does not place his sentence under a different statute, as Glenn contended.

1

Glenn filed objections to the Magistrate Judge's Report on June 30, 2009. In his objections, he says first that he is not complaining of the failure by prison officials to release him on parole, but rather of the fact that his second sentence has not been activated even though he has been statutorily eligible for release on his first sentence. However, he then says that all prisoners except for those on Death Row or those serving sentences of "life without parole" are *entitled* to parole. As the Magistrate Judge said, the Fifth Circuit has held that there is no liberty interest in parole in the State of Texas. This contention is without merit.

Second, Glenn discusses the commencement of his second sentence. TDCJ records show that Glenn is serving a 30-year sentence and an eight-year sentence, running consecutively. The Magistrate Judge explained as follows:

> Under Texas law, when an inmate is serving consecutive convictions, that the first conviction will "cease to operate," thereby triggering the commencement of the second conviction, when either (a) the actual calendar time served by the inmate equals the sentence imposed by the court, or (b) on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence. Tex. Gov. Code art. 508.150(b). The Texas Court of Criminal Appeals has specifically rejected the notion that subsection (B) of this statute refers merely to the date of parole eligibility, saying that because the statute refers to a parole panel's *designation*, rather than an inmate's statutory *eligibility*, subsection (B) must refer to a discretionary decision on the part of the Board that the person actually would have been released to parole but for the second sentence; it is not enough that the inmate merely becomes statutorily eligible for parole. Ex Parte Kuester, 21 S.W.3d 264, 270 (Tex.Crim.App. 2000) (emphasis added), *overruled in part on other grounds in* Ex Parte Hale, 117 S.W.3d 866, 867 (Tex.Crim.App. 2003); *see also* Ex Parte Wrigley, 178 S.W.3d 828, 831 (Tex.Crim.App. 2005) (noting that the phrase "ceases to operate" means the date on which the original sentence is served out in actual calendar time or the date on which a parole panel approves the inmate for parole release).
>
> In this case, Glenn fails to show that the Board has designated a date upon which he would have been released on parole but for the second sentence. Instead, he argues that statutory eligibility is enough, a contention which the Court of Criminal Appeals has rejected. Glenn appears to recognize this rejection, but argues that the Court of Criminal Appeals has violated the doctrine of separation of powers by applying a different meaning to the word "eligible" than that of its plain meaning. However, the Fifth Circuit has held that the federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. Cook v. Morrill, 783 F.2d 593, 596 (5th Cir. 1986). Because Glenn has not shown that a parole date has been designated for him, and this Court cannot review the Court of Criminal Appeals' interpretation of state law, his claim on this point is without merit.

In his objections, Glenn again argues that the statute does not provide for a *designation* of a parole date, but simply a *parole eligibility date*, and that he has met this criterion. He says that the Magistrate Judge "totally disregarded this law."

As the Report makes clear, however, the Magistrate Judge simply followed the Texas Court of Criminal Appeals' interpretation of state law. That Court specifically said that it was not the date of eligibility, but the date of designation, which is controlling, and that it is not enough that the prisoner simply become eligible for parole on his first sentence. Ex Parte Kuester, 21 S.W.3d at 270. The federal district courts cannot second-guess the interpretation by the highest state court as to the meaning of state law. Glenn's objection on this point is without merit.

Next, Glenn argues that the Board's failure to follow its own rules is "an independent violation of due process." As the Magistrate Judge said, the Fifth Circuit has held that violations of state law alone do not provide grounds for relief in federal court; instead, the proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated. This is because federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986); *see also* Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved). Glenn's argument would transform all questions of state agencies following state rules into federal claims, a view which the Fifth Circuit has rejected. *See, e.g.*, Franceski v. Plaquemines Parish School Board, 772 F.2d 197, 200 (5th Cir. 1985). Glenn's claim on this point is without merit.

Glenn's next objection repeats his previous points, arguing that he is entitled to due process under the Board's rules and that he is entitled to "automatic release" from his first sentence to the next one upon attaining eligibility for parole on the first sentence. These claims have been discussed above and are without merit.

Finally, Glenn complains that the Magistrate Judge stated that he, Glenn, did not show that the denial of his state habeas petition was a decision which was contrary to or involved an unreasonable determination of clearly established federal law. He says that his state petition was "denied without written order" and so he never had the opportunity to defend himself. He also says that the issues which he presents are debatable among jurists of reason and so he should be entitled to a certificate of appealability. A denial of a state habeas petition without written order constitutes a decision on the merits on the claim, and so is entitled to deference from the federal courts. Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999). Glenn has not shown that any of the issues which he raises are debatable among jurists of reason and so the Magistrate Judge properly recommended that he be denied a certificate of appealability. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer from the Respondent, the Petitioner's reply thereto, the state court records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard Lee Glenn is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED. So **ORDERED** and **SIGNED** this **15** day of **July, 2009.**

_____
Ron Clark, United States District Judge